UNPUBLISHED

**UNITED STATES COURT OF APPEALS**

**FOR THE FOURTH CIRCUIT**

UNITED STATES OF AMERICA,
<u>Plaintiff-Appellee,</u>

v.                                                                No. 98-4434

IRIS JEAN BLANKENSHIP,
<u>Defendant-Appellant.</u>

Appeal from the United States District Court
for the Western District of Virginia, at Roanoke.
Jackson L. Kiser, Senior District Judge.
(CR-97-109)

Submitted: May 28, 1999

Decided: June 22, 1999

Before ERVIN, MOTZ, and KING, Circuit Judges.

_____

Affirmed by unpublished per curiam opinion.

_____

**COUNSEL**

Terry N. Grimes, KING, FULGHUM, SNEAD, NIXON & GRIMES,
P.C., Roanoke, Virginia, for Appellant. Robert P. Crouch, Jr., United
States Attorney, Jennie L. M. Waering, Assistant United States Attor-
ney, Roanoke, Virginia, for Appellee.

_____

Unpublished opinions are not binding precedent in this circuit. See
Local Rule 36(c).

**OPINION**

PER CURIAM:

Iris Jean Blankenship appeals her conviction, following a jury trial, of sending a threatening communication through the United States Postal Service in violation of 18 U.S.C. § 876 (1994). Blankenship was sentenced to two years' probation with six months' home confinement. Finding no error, we affirm.

The victim, Margie Brotherton, received a threatening letter in a white business envelope that was delivered, via the United States Postal Service, to her home. The letter threatened that if Brotherton continued to "hang around all the black married men in the post office" her family would be "interfered with." The letter further threatened that if Brotherton persisted in her conduct, one of her daughters would be raped.

On appeal, Blankenship contends that the district court erred in admitting a letter, envelope, and two nude photographs that were also delivered to the victim's home and that the district court erred in denying her motion for a mistrial based on the improper admission of that evidence. Blankenship contends that the district court relied on the Government's misrepresentation that her fingerprints were on the photographs, and admitted the evidence in violation of Fed. R. Evid. 403 and 404(b). Blankenship asserts that but for the Government's misrepresentation, the district court would not have admitted the evidence, and that such an admission was a denial of due process.

We find that the district court's admission of the evidence and the denial of Blankenship's motion for a mistrial were not an abuse of discretion. See United States v. Dorsey, 45 F.3d 809, 817 (4th Cir. 1995) (providing standard); United States v. Whittington, 26 F.3d 456, 465 (4th Cir. 1994) (providing standard). The characteristics of the letter containing the nude photographs and the threatening letter were sufficiently similar to cause the non-threatening letter and photographs to be relevant because they tended to establish motive as well as a pattern of harassment toward Brotherton. Last, Blankenship fails to show that the probative value of the evidence was outweighed by the prejudicial effect of its admission. See Fed. R. Evid. 403.

2

Next, Blankenship contends that she was denied due process and a fair trial when the prosecutor repeatedly tried to elicit inadmissible testimony and introduce inadmissible evidence at trial. Blankenship contends that the Government repeatedly asked questions that were leading, called for speculation, or were simply irrelevant. Although we do not condone the Government's numerous attempts to lead witnesses or ask questions requiring the witnesses to speculate on matters as to which they did not possess knowledge, we find that the Government's questioning did not constitute plain error. See United States v. Olano, 507 U.S. 725, 732-37 (1993). As Blankenship notes, the district court in many instances sustained defense counsel's objections and gave limiting or curative instructions. See United States v. Francisco, 35 F.3d 116, 120 (4th Cir. 1994) (jury presumed to follow instructions).

Accordingly, we affirm Blankenship's conviction. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid in the decisional process.

AFFIRMED

3